KIMBALL *v.* COTTON *& a.*

In a writ of entry on a mortgage conditioned to pay several notes due at different dates, with interest from date, the notes being written with annual interest from date, the plaintiff is entitled to judgment for the annual interest due on all the notes, as well as for the amount of an overdue note.

WRIT OF ENTRY, on a mortgage. The condition of the mortgage was, to pay the amount of several notes, payable one in each succeeding year, as they respectively became due, "with interest from the date of the notes." The notes were written "with annual interest from date." At the date of the writ one note was overdue, and no interest on any of the notes had been paid. The plaintiff claimed that the unpaid annual interest on the notes not due should be included in the conditional judgment. The court limited the judgment to the amount of the overdue note, and the plaintiff excepted.

*Wiggin & Fernald*, for the plaintiff.

*Towle*, for the defendants.

ALLEN, J. The mortgage secured the performance of every promise made in the notes described in the condition; and although the description did not contain every particular of the notes, it was enough that the notes could be identified by the description. *Webb* v. *Stone*, 24 N. H. 282, 287; *Sheafe* v. *Gerry*, 18 N. H. 245, 248; *Robertson* v. *Stark*, 15 N. H. 109, 112; *Boody* v. *Davis*, 20 N. H. 144. The interest on the notes was payable annually, and the payment of the interest when due was secured by the mortgage as well as the payment of the principal at maturity. The failure to pay the accrued

annual interest on the notes, the principal of which was not due, was a breach of the condition of the mortgage, and the amount of that interest should have been included in the conditional judgment. *Muzzy* v. *Knight*, 8 Kansas 456 ; *Butler* v. *Blackman* (Ct. 1877), 6 Reporter 615 ; *Richard* v. *Holmes*, 18 How. 143 ; Jones on Mort. 1176.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.